UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNETH NESTER                                   CIVIL ACTION NO. 26-cv-529

VERSUS                                           JUDGE VAN HOOK

USA                                              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Kenneth Nester ("Plainiff") filed this civil action pursuant to the Federal Tort Claims Act ("FTCA") based on an allegation that a federal employee, while acting in the course and scope of her employment, injured him in an auto accident.  The United States responded with a Motion for Partial Dismissal (Doc. 8) that attacked Plaintiff's requests for prejudgment interest and equitable relief.

The court invited Plaintiff's counsel to cure these issues and resolve the motion by filing an amended complaint and eliminating the challenged requests.  Plaintiff filed neither an amended complaint nor any opposition to the motion.  Accordingly, this report and recommendation is necessary.  The United States has not waived sovereign immunity for FTCA claims for prejudgment interest and equitable relief, so it is recommended that those claims be dismissed for lack of subject matter jurisdiction.

### Prejudgment Interest

Plaintiff's prayer asked that he be granted judgment against the United States "for the total amount of damages, together with legal interest thereon from the date of judicial

demand until paid" plus costs and other relief.  The FTCA provides that the United States is liable in the same manner as a private individual "but shall not be liable for interest prior to judgment or for punitive damages.  28 U.S.C. § 2674.  "No prejudgment interest may be awarded in an FTCA case." Lucas v. U.S., 807 F.2d 414, 423 (5th Cir. 1986).  Accordingly, any claim for prejudgment interest should be dismissed for lack of jurisdiction.

**Equitable Relief**

Plaintiff's prayer asked for "all other relief, both general and equitable, necessary in the premises."  This is boilerplate language often found in tort complaints, but here it drew an objection from the United States that the FTCA waives sovereign immunity only for claims seeking "money damages" and not equitable relief.  28 U.S.C. § 1346(b)(1). "[T]he FTCA by its plain terms applies only to suits seeking money damages," not to claims for equitable relief.  Hendy v. Bello, 555 Fed. Appx. 224, 226 (4th Cir. 2014); Chott v. Hunsaker, 2025 WL 3140262, *2 (D. Md. 2025); and Premier Med. LLC v. United States Dep't of Just., 2021 WL 206358, *5 (W.D. La. 2021) ("Plaintiffs cannot rely on the FTCA as the source authorizing their suit for equitable relief") (Foote, J.).  Any claim for equitable relief should be dismissed for lack of jurisdiction.

Accordingly,

It is recommended that the United States' Motion for Partial Dismissal (Doc. 8) be granted and that all claims for prejudgment interest or equitable relief be dismissed for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge